IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DOMINIQUE LYNN UPSHER, )
)
        Plaintiff, )
)
-vs- )   Civil Action No. 18-723
)
ANDREW M. SAUL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## **OPINION**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion (ECF No. 12) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

## I. **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Christian Bareford, held a hearing on February 16, 2017. (ECF No. 8-2, pp. 29-54). On May 5, 2017, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 13-24).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). The issues are now ripe for review.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

2

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Hypothetical Questions to the Vocation Expert

Plaintiff suggests that the ALJ erred by disregarding a proposed hypothetical to the vocational expert ("VE"). (ECF No. 13, pp. 3-5). To that end, Plaintiff submits that the ALJ should have accepted the VE's testimony that if a hypothetical person would miss one week each month at unscheduled times there would be no jobs available in the national economy because this "accurately depict [sic] the claimant and what she experiences, lived and suffered through entirely." (ECF No. 13, pp. 4-5). After a review of the record, however, I find there is substantial evidence of record to support the ALJ's decision to accept the testimony of the VE that did not include monthly week-long absences from work. *See,* ECF No. 8-2, pp. 13-24. An ALJ is required to accept only that testimony from the VE which accurately reflects a plaintiff's limitations. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). I find the ALJ accepted the VE's testimony that accurately reflected

Plaintiff's limitations as set forth in the RFC in the instant decision. Consequently, I find no error in this regard. Therefore, remand is not warranted on this basis.[2]

An appropriate order shall follow.

---

[2] In a footnote, Plaintiff seems to assert that she believes the ALJ erred in failing to consider "the peptic ulcer disease, abdominal pain and fibromyalgia" as severe impairments. (ECF No. 13, p. 1, n.1). A review of the record reveals, however, that the ALJ actually considered Plaintiff's fibromyalgia to be severe. (ECF No. 8-2, p. 15). While the ALJ did not find the peptic ulcer disease or abdominal pain to be severe, he discussed his reasons for his finding. *Id.* at pp. 15-16. The mere existence of a diagnosis or an abnormal reading does not equate to a severe impairment. *Phillips v. Barnhart*, 91 Fed. Appx. 775, 780 (3d Cir. March 10, 2004). The question of severity relies not on the particular condition, but on the limitations stemming from that condition. *Id.* To be clear, an impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities and/or does not last or is not expected to last for a continuous period of at least 12 months. 20 C.F.R. §416.920(c), §416.921(a); §416.909, 42 U.S.C. §423(d). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.920(a).

In this case, the ALJ found certain impairments to be severe. (ECF No. 8-2, p. 15). The ALJ then proceeded to the next steps. (ECF No. 8-2, pp. 16-24). Thus, Plaintiff was not denied benefits at step 2. Rather, the ALJ proceeded beyond step 2. In so doing, the ALJ acknowledged that in making the RFC determination he considered all symptoms. (ECF No. 8-2, p. 18). Thus, the ALJ proceeded to consider the Plaintiff's severe and non-severe impairments in the evaluation process and in determining Plaintiff's RCF. (ECF No. 8-2, pp. 18-22). Therefore, I find any purported error was harmless such that a remand on this basis is not warranted. *Salles v. Commissioner of Social Sec.*, 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); Hanke v. Astrue, No. 12-2364, 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DOMINIQUE LYNN UPSHER, )
)
        Plaintiff, )
)
 -vs- ) Civil Action No. 18-723
)
ANDREW M. SAUL,[3] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 12th day of August, 2019, it is ordered that Plaintiff's Motions for Summary Judgment (ECF Nos. 12) is denied and Defendant's Motion for Summary Judgment (ECF No. 14) is granted.

                BY THE COURT:

                s/   Donetta W. Ambrose
                Donetta W. Ambrose
                United States Senior District Judge

---

[3] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.